## TURCKEL, Plaintiff-Appellant, v ARCHER, Defendant-Appellee.

Ohio Appeals, First District, Clermont County.

No. 171. Decided March 22, 1948.

Ben West, Bethel, for plaintiff-appellant.
Nichols, Speidel & Nichols, Batavia, for defendant-appellee.

### OPINION

By THE COURT:

After the jury had returned a verdict for the plaintiff and judgment had been rendered thereon, the defendant filed a motion for a new trial and also for judgment notwithstanding the verdict. Upon hearing these motions, the court concluded that it had erred at the trial in overruling the defendant's motions made at the close of the plaintiff's evidence and renewed at the close of all the evidence for an instructed verdict, and for that reason, set the judgment for

the plaintiff aside, and thereupon rendered judgment for the defendant. It is that judgment that is brought under review by this appeal.

The action is one to recover for damage done to the plaintiff's Chevrolet automobile in a collision with a Chevrolet automobile operated by defendant.

Construing the evidence most favorably to the plaintiff, as the trial court was required to do in passing upon the motion for judgment notwithstanding the verdict and as this court must do on this appeal, it shows that these two automobiles were approaching, from opposite directions, an abrupt turn (almost at a right angle) in a gravel road. The traveled portion of the road was not to exceed ten feet wide with a narrow berm. There was, however, space for automobiles to pass one another. Owing to the presence of shrubbery alongside the road, the view was obstructed, and, because of the bend, the forward view of a person entering the bend was limited to fifteen feet.

Each automobile was going at from twenty to thirty miles per hour as it entered the turn and became visible to the operator of the other. The plaintiff was on his right side of the road and the defendant was on his left or wrong side.

The evidence is that the brakes on the plaintiff's automobile were in normal condition, but there is no direct evidence as to the distance required to stop his automobile going at twenty to thirty miles per hour. The occupants of the automobile were not injured.

The trial court found that the undisputed evidence in the case shows that the plaintiff was guilty of negligence directly contributing to the collision of the automobiles, and for that reason rendered judgment for the defendant, notwithstanding the verdict for the plaintiff.

In support of the action of the court, the appellee asserts that the undisputed evidence proves that the plaintiff was negligent as a matter of law, in that he violated that provision of §12603 GC, by which it is provided that no person shall drive any motor vehicle in and upon any public road at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead. This statute has been construed in many cases, including **Smiley v The Arrow Spring Bed Co., 138 Oh St, 81,** and there is no doubt that its violation constitutes negligence as a matter of law.

But it must be conclusively proven or adjudged by the trier of the facts before a violation of the statute may be charged against the plaintiff as negligence. In this case the jury was the trier of the facts, and it did not adjudge that

the plaintiff had violated this statute. The action of the court can only be supported on the theory that the evidence conclusively proves a violation. Now is that position tenable? We think not.

As the plaintiff approached this bend in the road, he had a right to assume that no one would approach from the opposite direction on his side of the road and thereby cut down the distance which was available within which to stop his automobile. He, therefore, had fifteen feet as the assured clear distance in which to stop. He was going at the rate of from twenty to thirty miles per hour. There was no evidence that going at that rate he could or could not stop within that distance. We are, therefore, presented with a record which neither conclusively proves nor disproves a violation of the statute. Certainly, no conclusive inference of negligence arises from this evidence.

Assuming that the jurors were permitted to apply their general knowledge of the distance in which an automobile may be stopped (53 Am. Jur., 657, sec. 913) that distance would necessarily vary according to differing conditions as determined by the jury. Certainly, it cannot be said as a matter of judicial knowledge that this automobile could not have been stopped within fifteen feet under the circumstances.

The burden of proving contributory negligence rested upon the defendant, and, therefore, a failure of proof on the subject would not avail him.

For these reasons, the judgment is reversed, and the cause remanded with instructions to overrule the motion for judgment notwithstanding the verdict, and for further proceedings according to law.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.